**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

| | |
|---|---|
| HERBERT SHAVER, | Civil Action No: |
| Plaintiff, | Plaintiff Demands A Jury Trial |
| -against- | **COMPLAINT** |
| MEDICOM WORLDWIDE, INC., MEDICOM EDUCATION GROUP INC., JEFFERY D. STURGIS SR. and JEFFERY D. STURGIS JR., | |
| Defendants. | |

-------------------------------------------------------------------X

Plaintiff, Herbert Shaver (hereinafter referred to as "Plaintiff" or "Shaver"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendant Medicom Worldwide, Inc. (hereinafter referred to as "Medicom Worldwide"); Defendant Medicom Education Group Inc. (hereinafter referred to as "Medicom Education") (collectively referred to as "Medicom"); Defendant Jeffery D Sturgis Sr. (hereinafter referred to as "Sturgis Sr."); and Defendant Jeffery D Sturgis Jr. (hereinafter referred to as "Sturgis Jr.") (all Defendants collectively referred to as "Defendants"), upon information and belief as follows:

## NATURE OF CASE

1. Plaintiff Shaver, complains pursuant to The Age Discrimination in Employment Act of 1967 ("ADEA"), the laws of the State of New York, and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367 seeking declaratory and injunctive relief and damages to redress the injuries

Plaintiff has suffered as a result of, *inter alia*, age discrimination, hostile work environment, retaliation, and wrongful termination by his employers.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the ADEA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, the Court has supplemental jurisdiction under the State and City laws.

4. On or about December 19, 2017, Plaintiff submitted a Charge with the Equal Employment Opportunity Commission ("EEOC").

5. On or about April 30, 2018, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

8. Plaintiff Shaver is an individual sixty-three (63) year old male that worked for Defendant Medicom out of his home office in the State of New York, Queens County.

9. At all times material, Defendant Medicom Worldwide was and is a business corporation incorporated in the State of Pennsylvania. Defendant Medicom Worldwide has their principal place of business at 101 Washington Street, Morrisville, PA 19067.

10. At all times material, Defendant Medicom Education was and is a business corporation incorporated in the State of Pennsylvania. Defendant Medicom Education has their principal place of business at 101 Washington Street, Morrisville, PA 19067.

11. Upon information and belief, Defendant Sturgis Sr. is an individual man residing in the State of Florida.

12. At all times material, Defendant Sturgis Sr. was and is the owner of Defendant Medicom, holding supervisory authority over Plaintiff Shaver, including the power to hire and fire Plaintiff Shaver.

13. Upon information and belief, Defendant Sturgis Jr. is an individual man residing in the State of Pennsylvania.

14. At all times material, Defendant Sturgis Jr. was and is an officer at Defendant Medicom, holding supervisory authority over Plaintiff Shaver.

## FACTUAL ALLEGATIONS

15. In or around June of 2003, Defendant Medicom hired Plaintiff Shaver as Director of Finance on a three-month probationary period, before officially becoming the Director of Finance in September 2003. As the Director of Finance, Plaintiff Shaver was responsible for many financial and managerial aspects of the company.

16. Throughout the duration of Plaintiff Shaver's employment, Sturgis Jr. tormented Plaintiff Shaver in an effort to get him to quit. By way of example, Sturgis Jr. told Plaintiff Shaver in front of other employees in the office: **"you are getting too old," "you should retire,"** and **"when are you going to retire,"** on nearly a weekly basis.

17. Plaintiff Shaver would make frequent complaints to Sturgis Sr. about Sturgis Jr.'s verbal abuse, only to be told, "I'll speak with him. He can't fire you."

18. On three separate occasions between May 2015 and December 2016, Plaintiff Shaver also complained about Sturgis Jr.'s discriminatory comments to Defendant's Director of Human Resources Jennifer Murphy (hereinafter referred to as "Murphy"). However, Murphy never took any corrective or preventative action against Sturgis Jr.

19. In or around early 2016, Plaintiff Shaver reported Sturgis Jr.'s discriminatory comments to Sturgis Sr. However, Sturgis Sr. never took any corrective or preventative action against Sturgis Jr.

20. Throughout 2016 and into early 2017, Sturgis Jr. discriminated and retaliated against Plaintiff Shaver by systematically taking away Plaintiff's fringe benefits and job duties because of Plaintiff's age. These benefits included a company cell phone, auto and repair expenses, and access to the company petty cash.

21. In or around May of 2016, as a result of Sturgis Jr.'s constant verbal abuse and discriminatory conduct, Plaintiff Shaver began therapy to combat the severe emotional distress, depression, and anxiety caused by Defendant Medicom.

22. In or around December of 2016, Sturgis Sr. decided to sell Defendant Medicom to Sturgis Jr.

23. In or around December of 2016, Plaintiff Shaver learned of Sturgis Sr.'s intent to sell the company. Plaintiff Shaver informed Sturgis Sr. that he was concerned that Sturgis Jr. would terminate Plaintiff Shaver or significantly reduce Plaintiff Shaver's hours, as he did with two other employees over the age of fifty (50). At that point, Sturgis Sr. and Plaintiff Shaver agreed to a six-month severance package for Plaintiff Shaver. Sturgis Sr. suggested that the severance package be memorialized in the sale agreement.

24. In or around early 2017, Sturgis Jr. subjected Plaintiff Shaver to an increased hostile work environment by making frequent comments referencing Plaintiff Shaver's age, such as but not limited to, **"you need to retire,"** and **"you're getting to old."** Plaintiff Shaver reported these incidents to Sturgis Sr. However, Defendant Medicom never took any corrective or preventive action in regards to Sturgis Jr.'s discriminatory comments.

25. In or around early 2017, Sturgis Sr. began the process of selling Defendant Medicom to Sturgis Jr. At this point, Sturgis Jr. became Plaintiff Shaver's immediate supervisor with the ability to fire Plaintiff.

26. In or around early 2017, Defendant Medicom, with Sturgis Jr.'s purchase of Defendant Medicom underway, began a systematic process of eliminating Defendant Medicom's employees over the age of fifty (50).

27. In or around early 2017, Defendant Medicom removed two of its employees who were over the age of fifty (50) from their full-time shifts, leaving them with two shifts per week and causing them to lose their employee benefits and severance at a full-time rate.

28. On or about April 28, 2017, Defendant Medicom terminated Plaintiff Shaver. Afterwards, Defendant Medicom offered Plaintiff a substantially similar position for only two days a week at forty (40) percent of his previous salary. Moreover, this newfound position did not include any employee benefits. Although Plaintiff Shaver accepted the position, he wanted to know what severance came from his initial fourteen-year position.

29. Immediately, Sturgis Jr. became irate and demanded to know if Plaintiff expected to be paid a salary and severance at the same time. Plaintiff responded that he did, because he

had worked for fourteen (14) years and deserved a severance for his original position. Thereafter, Sturgis Jr yelled at Plaintiff, insulted Plaintiff, and demanded that Plaintiff Shaver leave his office.

30. At a subsequent meeting a few days later, Medicom Education offered Plaintiff Shaver a two-month severance package. In response, Plaintiff Shaver indicated that he had a previous agreement with Sturgis Sr. for six months' severance. Afterwards, Sturgis Jr. forced Plaintiff Shaver off of Defendant Medicoms' property while yelling at Plaintiff Shaver, "**why couldn't you just quit.**" Defendant Medicom did not allow Plaintiff Shaver to return and restricted him from access to his office or staff, effectively terminating Plaintiff Shaver a second time.

31. By terminating or reducing the job responsibilities of its employees over the age of fifty (50), Defendant Medicom discriminated against Plaintiff and other individuals on the basis of their age.

32. Further, Defendant Medicom terminated Plaintiff Shaver in retaliation for his frequent complaints of a hostile work environment because of his age.

33. In or around May of 2017, Plaintiff Shaver attempted to remotely log on to his office computer but discovered that he was completely removed from Defendant Medicom's system.

34. As a result of Defendants' unlawful and discriminatory actions, Plaintiff Shaver became so physically and emotionally distressed that he is having difficulty eating and sleeping.

35. In or around April of 2016, Plaintiff Shaver began seeking professional therapy for the emotional distress he endured as a result of Defendant Medicom's unlawful discriminatory and retaliatory treatment.

36. As a result of Defendants' unlawful and discriminatory actions, Plaintiff Shaver has endured unwarranted professional humiliation resulting in emotional distress, severe depression, and extreme anxiety.

37. As a result of Defendants' unlawful and discriminatory actions, Plaintiff Shaver has endured unwarranted financial hardships and irreparable damage to his professional reputation.

38. As a result of the acts and conduct complained of herein, Plaintiff Shaver has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. Defendant Medicoms' actions were systematic, malicious, willful, outrageous, and conducted with full knowledge of the law. Accordingly, Plaintiff Shaver demands punitive damages against Defendant.

40. The above are just some examples of the unlawful discrimination and retaliation to which Defendant Medicom subjected Plaintiff Shaver.

41. Defendants' conduct constitutes a continuing violation.

42. As a result of the above, Plaintiff has been damaged in an amount which exceeds the Jurisdictional limits of all Lower Courts.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER**

## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (d) provides in pertinent part that: It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

44. The exact number of employees at the above entity is unknown, but upon information and belief, there are well more than the statutory minimum.

45. Throughout the course of Plaintiff's employment with Defendants, on numerous occasions Defendants made frequent discriminatory comments and remarks regarding Plaintiff Shaver's age. Plaintiff Shaver reported these incidents. However, Defendants never took any corrective or preventive action.

46. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (d) provides in pertinent part that: It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

49. Defendants engaged in an unlawful discriminatory practice by unlawfully terminating, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

52. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff as set forth herein.

53. Plaintiff hereby make a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296 including age.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

55. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article."

56. Defendants engaged in an unlawful discriminatory practice by unlawfully terminating, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER STATE LAW

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

59. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

62. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions and otherwise discriminating against the Plaintiff as set forth herein.

### AS A SEVENTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise

discriminate against any person because such person has opposed any practices forbidden under this chapter…."

65. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A EIGHTH CAUSE OF ACTION FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. New York City Administrative Code Title 8-107(19): "Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

68. Defendants violated the section cited herein as set forth.

### AS AN NINTH CAUSE OF ACTION FOR AIDING AND ABETTING UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

71. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

## AS A TENTH CAUSE OF ACTION FOR EMPLOYER LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. New York City Administrative Code Title 8-107(13): "Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    (1) the employee or agent exercised managerial or supervisory responsibility; or

    (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    (3) the employer should have known of the employee's or agent's

discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

74. Defendants violated the section cited herein as set forth.

## INJURY AND DAMAGES

75. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, health insurance costs, medical bills for himself, bonuses, benefits and other compensation which such employment entails, and out-of-pocket medical expenses. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated: New York, New York
June 22, 2018

                                                    DEREK SMITH LAW GROUP, PLLC
                                                    Attorneys for Plaintiff

            By:           __/s/ Daniel Altaras_____
                               Daniel Altaras, Esq.
                               One Penn Plaza, Suite 4905
                               New York, New York 10119

(212) 587-0760