**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **HERBERT SHAVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 18-05700** |
| | ) | |
| **MEDICOM WORLDWIDE, INC.,** | ) | |
| **MEDICOM EDUCATION GROUP** | ) | **JURY TRIAL DEMANDED** |
| **INC., JEFFERY D. STURGIS SR. and** | ) | |
| **JEFFERY D. STURGIS JR.,** | ) | |
| | ) | |
| **Defendants.** | | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM AND FOR LACK OF PERSONAL JURISDICTION OR, IN THE
ALTERNATIVE, ON THE GROUND OF *FORUM NON CONVENIENS***

---

Robert W. Small (Admitted *Pro Hac Vice*)
PA Attorney ID No. 19376
**REGER RIZZO & DARNALL LLP**
Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel:  (215) 495-6500
Fax:  (215) 495-6600
rsmall@regerlaw.com

*Attorney for Defendants, MediCom Worldwide,
Inc., MediCom Education Group Inc., Jeffery [sic
Jeffrey] D. Sturgis Sr. and Jeffery [sic Jeffrey] D.
Sturgis Jr.*

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................... i
TABLE OF AUTHORITIES .............................................................................. iii
BASIS FOR THE MOTION ................................................................................1

I. FACTUAL BACKGROUND ...........................................................................2

A. The Business Of Worldwide And Education ...............................................2

B. The Sturgis Defendants...............................................................................3

C. Herbert Shaver ............................................................................................4

II. LEGAL STANDARD .....................................................................................5

III. ARGUMENT .................................................................................................5

A. Shaver's Complaint Should Be Dismissed Because He Has Failed To Plead A Claim As To Which Relief May Be Granted ...................................5

1. The Federal Law Claims.............................................................................5

a. Shaver Has Failed To Allege That Either Of The Sturgis Defendants Was His "Employer" And They May Not Be Sued Under The ADEA On An Agency Theory ..........................................................................................................6

b. Shaver Has Failed To Allege That The Corporate Defendants Employed The Requisite Number Of Employees Under The ADEA ..............................................7

2. The State Law Claims ................................................................................9

B. The Court Lacks *In Personam* Jurisdiction Over All Defendants ...................9

1. The Court Lacks General Jurisdiction Over The Corporate Defendants........................9

2. The Court Lacks General Jurisdiction Over The Sturgis Defendants...........................12

3. The Complaint Does Not Establish Specific Jurisdiction Over The Corporate Or Sturgis Defendants ...........................................................13

a. New York's Long-Arm Statute Does Not Provide For Personal Jurisdiction Over Either The Corporate Or Sturgis Defendants...............................................14

i. Neither The Corporate Nor Sturgis Defendants Transact Or Do Business Within New York [§302(a)(1)]...............................................15

ii. Neither The Corporate Defendants Nor The Sturgis Defendants Committed A Tortious Act In New York [§302(a)(2)] ............................16

iii. Jurisdiction Over The Corporate And Sturgis Defendants May Not Rest On A Tortious Act Outside Of New York, Causing Injury Within New York [§302(a)(3)] ........................................................17

iv. None Of The Defendants Own, Possess Or Use Any Real Property Within New York [§302(a)(4)] .........................................................19

C. Due Process Does Not Permit Personal Jurisdiction Over The Corporate Or Sturgis Defendants...........................................................................19

D. This Action Should Be Dismissed On The Ground Of *Forum Non Conveniens* .............23

1. None Of The Three Factors Favors Maintaining This Action In the Southern
District Of New York ................................................................................................23

2. The Gilbert Factors ........................................................................................................24

IV. RELIEF REQUESTED ..........................................................................................................25

## TABLE OF AUTHORITIES

### Cases

*Aquiline Capital Partners, LLC v. FinArch, LLC,*
  861 F. Supp. 2d 378 (S.D.N.Y. 2012)................................................................ 14, 15

*Ashley v. Abbott Labs,* (*In re: DES* cases),
  789 F. Supp. 552 (E.D.N.Y. 1992) ......................................................................... 18

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,*
  305 F.3d 120 (2d Cir. 2002).................................................................................. 19

*Base Metal Trading, Ltd. v. Russian Aluminum,*
  98 Fed. Appx. 47, 2004 U.S. App. LEXIS 8547 (2d Cir., April 30, 2004) ...................... 23, 24

*Bensusan Restaurant Corp. v. King,*
  126 F.3d 25 (2d Cir. 1997)................................................................................... 17

*Best Van Lines, Inc. v. Walker,*
  490 F.3d 239 (2d Cir. 2007)........................................................................ 3, 15, 16

*Blanco v. Blanco Industrial De Venezuela S.A.,*
  997 F.2d 974 (2d Cir., 1993)................................................................................. 24

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985)................................................................................. 13, 19, 20

*Callaway Golf Corp. v. Royal Canadian Golf Ass'n,*
  125 F. Supp. 1194 (C.D. Cal. 2000) ...................................................................... 22

*Carte v. Parkoff,*
  543 N.W.S. 2d 718, 152 A.D.2d 615 (2d Dep't 1989) ................................................ 17

*Chaiken v.VV Pub. Corp.,*
  119 F.3d 1018 (2d Cir. 1997)............................................................................... 21

*Citigroup Inc. v. City Holding Co.,*
  97 F.Supp.2d 549 (S.D.N.Y. 2000) ......................................................................... 3

*Daimler AG v. Baurman,*
  571 U.S. 117 (2014)................................................................................. 10, 11, 12

*Dillman v. Combustion Engineering, Inc.,*
  784 Fed. 2d 57 (2d Cir. 1986)................................................................................ 4

*DiStefano v. Carozzi N. Am., Inc.,*
  286 F.3d 81 (2d Cir. 2001).................................................................................... 5

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.,*
  722 F.3d 120 (2d Cir. 2013).................................................................................. 5

*Ehrenfeld v. Bin Mahfouz,*
  9 N.Y. 3d 501, 881 N.E.2d 830 (2d Cir. 2007)......................................................... 14

*Falbaum v. Pomerantz,*
  891 F.Supp. 986 (S.D.N.Y. 1995) ........................................................................ 6, 7

*Ghazoul v. Int'l Mgmt. Services, Inc.,*
  398 F. Supp. 307 (S.D.N.Y. 1975) .......................................................................... 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  564 U.S. 923 (2011)..................................................................................... passim

*Gucci Am., Inc. v. Bank of China,*
  768 F.3d 122 (2d Cir. 2014)........................................................... 10, 11, 13, 19

*Gulf Oil Corp. v. Gilbert,*
  330 U.S. 501, 91 L. Ed. 1055, 67 Sup. Ct. 839 (1947) ................................. 23
*Hamilton v. Garlock,*
  31 F. Supp. 2d 351 (S.D.N.Y. 1998)
  (*Hamilton v. Garlock, Inc.*, 1999 U.S. Dist. LEXIS 2796, No. 94 CIV. 4397 (RWS),
  1999 WL 135203 (Mar. 11, 1999) rev. other grounds 197 F.3d 58 (1999) ................ 16, 17, 18
*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 408 (1984) ....................................................................... 10
*Ingraham v. Carroll,*
  90 N.Y. 2d 592 (Ct. of App. 1997) ................................................. 18, 19
*Int'l Shoe Co. v. Wash.,*
  326 U.S. 310 (1945) .............................................................. 9, 13, 20
*Kellett v. Glaxo Enterprises,*
  1994 U.S. Dist. LEXIS 1701* (U.S.D.C. S.D.N.Y., 1994) (unreported) ................... 5
*Kernan v. Kurz-Hastings, Inc.,*
  175 F.3d 236 (2d Cir. 1999) ........................................................... 22
*Kreutter v. McFadden Oil Corp.,*
  71 N.Y.2d 460, 522 N.E.2d 40 (2d Cir. 1988) ........................................... 14
*LaMarca v. Pak-More Mfg. Co.,*
  95 N.Y.2d 210 (2000) ................................................................... 19
*Legrá v. Bd. Of Educ.,*
  2016 U.S. Dist. LEXIS 144817, unreported .............................................. 7
*Mareno v. Rowe,*
  910 F.2d 1043 (2d Cir. 1990) .......................................................... 17
*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,*
  84 F.3d 560 (2d Cir. 1996) ......................................................... 20, 21
*Meyer v. Board of Regents of Univ. of Oklahoma,*
  2014 U.S. Dist. LEXIS 68510 (S.D.N.Y. May 14, 2014) ................................... 11
*Miller v. Int'l Telephone and Telegraph Corp.,*
  755 Fed. 2d 20 (2d Cir. 1985),
  cert. den. 474 U.S. 851, 106 S.Ct. 148 (Ed. 2d 122 (1985) ............................. 4
*Milliken v. Meyer,*
  311 U.S. 457 (1940) .................................................................... 9
*Newsom-Lang v. Warren Int'l,*
  129 F.Supp. 2d 662 (S.D.N.Y. 2001) .................................................. 7, 8
*PT United Can Co. Ltd. v. Crown Cork & Seal Co.,*
  138 F.3d 65 (2d Cir., 1998) ........................................................... 24
*Shamoun v. Mushlin,*
  No. 1:12-CV-03541-AJN,
  2014 U.S. Dist. LEXIS 45617 (S.D.N.Y. March 26, 2014) .......................... 14, 15, 16
*Shovah v. Roman Catholic Diocese of Albany,*
  745 F.3d 40 (2d Cir. 2014) ......................................................... 12, 13
*Sonera Holding, B.V. v. Cukurova Holding, A.S.,*
  750 F.3d 221 (2d Cir. 2014) ........................................................ 10, 11
*SPCA of Upstate N.Y., Inc. v. Am. Working Collie Ass'n,*
  18 N.Y.3d 400, 963 N.E.2d 1226 (2012) ................................................ 15

*Sunward Electronics, Inc. v. McDonald,*
   362 F.3d 17 (2d Cir. 2004)............................................................ 15
*Twine v. Levy,*
   746 F. Supp. 1202 (E.D.N.Y. 1990) ...................................... 16, 17
*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.,*
   241 F.3d 135 (2d Cir. 2001).................................................... 20, 21
*United Mine Workers of America v. Gibbs,*
   383 U.S. 715 ................................................................................... 9
*Vega v. Hempstead Union Free Sch. Dist.,*
   801 Fed. 3d 72 (2d Cir. 2015)......................................................... 5
*Walden v. Fiore,*
   571 U.S. 277 (2014).................................................................... 20
*Watson v. Gulf & W. Indus.,*
   650 F.2d 990 (9th Cir. 1981) ........................................................ 5
*Whitaker v. Am. Telecasting, Inc.,*
   261 F.3d 196 (2d Cir. 2001)............................................................ 5

## **Statutes**

28 U.S.C. § 1367(c)(3)......................................................................... 9
29 U.S.C. § 623 ......................................................................... passim
29 U.S.C. § 626(d) ................................................................................ 4
29 U.S.C. § 630(b) ................................................................................ 6
29 U.S.C. § 633(b) ................................................................................ 4
43 P.S. §§ 951-963 ............................................................................ 23
N.Y. C.P.L.R. 3 § 302 ................................................................. passim

## **Other Authorities**

4 Charles Alan & Wright Arthur Miller,
   Federal Practice and Procedure § 1067.5 (3d ed. 2007) ..................... 10
Administrative Office of the U.S. Courts,
   Federal Court Management Statistics ....................................... 22

## **Rules**

Fed. R. Civ. P. 11 ................................................................................ 8
Fed. R. Civ. P. 12(b)(6)................................................................ 5, 7, 8

## BASIS FOR THE MOTION

This case arises out of the termination of the employment of Herbert Shaver ("Shaver" or "Plaintiff") by MediCom Education Group Inc. ("Education").   MediCom Worldwide, Inc. ("Worldwide" and, together with Education, "Corporate Defendants") did not employ Shaver at any relevant time.

The Complaint premises this Court's jurisdiction on a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a) ("ADEA") and supplemental jurisdiction over Shaver's state law-based claims (Complaint, ¶¶ 1-6, 43, 48).   ADEA claims may be asserted against an "employer" but may not be asserted against individual supervisory personnel.   In paragraphs 12 and 14 of his Complaint, Shaver alleges that the individual defendants held supervisory authority over Shaver, but at no time does he allege that either of them was his "employer."   Shaver, thus, fails to state a claim against them under the ADEA.[1]

As to the Corporate Defendants, the ADEA applies only to employers who employ 20 or more employees.   Neither of the Corporate Defendants has ever employed 20 or more individuals.

*If* the Corporate Defendants employed the requisite number of employees and *if* the Sturgis Defendants were subject to suit under the ADEA, the Complaint does not allege that any Defendant has a relationship with New York that would permit the Court's exercise of *in personam* jurisdiction over them.

---

[1] The Complaint erroneously refers to the Sturgises as senior and junior.  The individual referred to in the Complaint as "Jeffery D. Sturgis Sr." is named Jeffrey Duane Sturgis and the person referred to as "Jeffery D. Sturgis Jr." is Jeffrey David Sturgis.  They are respectively referred to here as "Duane Sturgis" and "David Sturgis" and collectively as the "Sturgis Defendants."

Were it possible under the ADEA to assert a claim against the Sturgis Defendants, and if personal jurisdiction existed over them or the Corporate Defendants, the Court, nevertheless, should dismiss this case on the ground of *forum non conveniens*.

## I.     FACTUAL BACKGROUND

The Complaint intentionally, but misleadingly, conflates two separate legal entities, Education and Worldwide, by collectively defining them as "Medicom" (Complaint, First Paragraph).  Education and Worldwide are not the same entity; they engage in entirely different businesses, pay taxes separately and may not be treated as a single entity for purposes of determining whether either is subject to the ADEA or may be sued in this Court.

Although alleging that "Throughout the duration of Plaintiff Shaver's employment, Sturgis Jr. [i.e. David Sturgis] tormented Plaintiff Shaver…" (Complaint, ¶ 16), no specific dates are attached to any conduct alleged to be violative of any of the statutory provisions on which this lawsuit is premised.  What *is* clear is that the conduct on which the Complaint rests is alleged to have occurred, if it occurred at all, in, and only in, Pennsylvania.

### A.     The Business Of Worldwide And Education.

Worldwide is a family-owned and operated Pennsylvania corporation with an office in Morrisville, Pennsylvania and nowhere else.  (Complaint, ¶ 9; *Exhibit A,* Affidavit of Jeffrey David Sturgis, ¶ 7; *Exhibit B*, Affidavit of Jeffrey Duane Sturgis, ¶¶ 7-8; and *Exhibit C*, Affidavit of Jennifer H. Murphy, ¶¶ 7-9).  Worldwide is approved by appropriate governmental agencies to develop courses of instruction for physicians, pharmacists and nurses who, upon completion, earn educational credit to meet licensure requirements.   Worldwide never charges the participants who use its course materials.  Rather, course materials are prepared as a result of grants which Worldwide obtains from pharmaceutical companies who actually sponsor the

educational materials and programs.  All of Worldwide's activities in grant writing and course material preparation take place in, and only in, Worldwide's sole office located in Pennsylvania. Shaver's background is in accounting.  He has no education, training or experience with developing medical educational materials or in grant writing.  (Exhibit A, *passim*).

Worldwide never has received money for any activity, product or service from any individual or company located in New York.  Worldwide neither owns nor rents real property in New York.  Worldwide has no bank accounts in New York nor a New York telephone number. It does not advertise in New York.[2]  (Exhibit A, ¶¶ 7, 9, 11).

Education is a family-owned and operated Pennsylvania corporation with an office in Morrisville, Pennsylvania and nowhere else (Complaint, ¶ 10; *see also* Exhibit A, ¶ 15; *see also* Exhibit B, ¶¶ 7-8).  Education was created in 2004 to supply administrative services to Worldwide and two other entities.  Education has no other customers (Exhibit A, ¶ 18).  All of Education's administrative services are performed in Pennsylvania.  Education neither owns nor rents real property in New York.  It does not advertise in New York (or anywhere else), does not have a New York telephone number and maintains no bank accounts in New York.  It supplies no goods or services to anyone in New York.  (Exhibit A, ¶¶ 16-18).

**B.    The Sturgis Defendants.**

Duane Sturgis is a resident of Florida and has been for 14 years.  (Complaint, ¶ 11; *see also* Exhibit B).  His residences for twelve (12) years before that were in Pennsylvania and New

---

[2] Worldwide does have a website that can be accessed in New York.  District Courts in this Circuit apply a sliding scale of interactivity of websites to determine if a website is a jurisdictional factor and repeatedly have held that the passive website of an out of state defendant does not constitute doing business in New York for purposes of determining *in personam* jurisdiction .  *See, e.g., Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 565 (S.D.N.Y. 2000), *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 251-252 (2d Cir. 2007) and cases cited therein. Education, the Corporate Defendant that actually employed Shaver has *no* website and Worldwide's website is passive, permitting no exchange of files with a viewer. Exhibit A, ¶ 10.

Jersey.  He has never lived in New York, owned real estate there, or had bank accounts there and has never conducted any business in New York.  (Exhibit B, ¶¶ 2-6).

David Sturgis is a resident of Pennsylvania where he has lived for 18 years.  He does not own or rent any real estate in New York and never has.  He has no bank account or telephone number in New York and conducts no business there.  (Exhibit A, ¶¶ 2-6).

### C.    Herbert Shaver.

Shaver alleges that he was hired by what he refers to as "Medicom" in June 2003.  (Complaint, ¶ 15).  In fact, Shaver was retained as an independent consultant by Worldwide on June 9, 2003 and became an employee of Worldwide on October 8, 2003.  (Exhibit A, ¶ 11).  Due to changing regulations in the pharmaceutical industry, three months later, on January 1, 2004, the business of Worldwide was divided among four (4) separate entities consisting of Worldwide, Education, ROI Media Group Corp. ("ROI"), which is now defunct, and Corona Productions, Corp. ("Corona").  As of January 1, 2004, Shaver became employed by Education.  From that date, Shaver never was employed by Worldwide, ROI or Corona.  (Exhibit A, ¶¶ 13-14).  Shaver's Complaint does not allege any acts of discrimination during the three (3) months he was an employee of Worldwide, which, in any event, would be long since time barred.[3]

Shaver's W-2s, his business cards and emails he sent while employed all reflect that he was employed by Education, not Worldwide.  (*See* Exhibits A and C, and exhibits to those Affidavits).  Shaver's obvious, but dishonest, purpose in conflating Education and Worldwide is to attempt to combine their workforces to satisfy the ADEA's requirement that his employer

---

[3] "Under the ADEA, an aggrieved party must file a claim with the EEOC within 300 days of the discriminatory act…29 U.S.C. §§ 626(d)(1), (d)(2), 633(b)…No civil action based on a claim of age discrimination may be brought in a federal court unless the plaintiff has timely filed his claim with the EEOC."  *Dillman v. Combustion Engineering, Inc.*, 784 Fed. 2d 57 (2d Cir. 1986); 29 U.S.C. § 626(d), citing *Miller v. Int'l Telephone and Telegraph Corp.*, 755 Fed. 2d 20, 23 (2d Cir. 1985), cert. den. 474 U.S. 851, 106 S.Ct. 148, 88 [(Ed. 2d 122 (1985)].  Shaver filed his EEOC complaint on December 19, 2017.  (Complaint, ¶ 4).  Accordingly, any alleged act of age discrimination which occurred prior to February 25, 2016 is time barred.

employ 20 or more employees.  That effort fails because it is improper to combine the workforce of two separate entities that engage in different businesses.  Were it proper to do so, the combined workforces of Worldwide and Education do not satisfy the statute's requirement that an "employer" employs 20 or more employees during the current or preceding year in any period that is not time barred.[4]  (*See* Exhibit B).

## II.   LEGAL STANDARD

Shaver bears the burden of showing he has pleaded a cause of action as to which this Court may grant relief and that the Court has jurisdiction over each Defendant.  *Vega v. Hempstead Union Free Sch. Dist.*, 801 Fed. 3d 72, 82-83 (2d Cir. 2015); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  When confronted with a Motion to Dismiss, the Court may consider materials outside the pleadings, such as affidavits or declarations. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 120 (2d Cir. 2013); and *Ghazoul v. Int'l Mgmt. Services, Inc.*, 398 F. Supp. 307, 309 (S.D.N.Y. 1975) ("In deciding a motion to dismiss for lack of personal jurisdiction, it is proper for the Court to rely on affidavits to establish jurisdictional facts.").

## III.   ARGUMENT

### A.   Shaver's Complaint Should Be Dismissed Because He Has Failed To Plead A Claim As To Which Relief May Be Granted.

#### 1.   The Federal Law Claims.

A Plaintiff must plead all of the elements of a cause of action or the Court must dismiss the claim.  Fed. R. Civ. P. 12(b)(6).  Sections 623(a) and (d) of the ADEA make it unlawful for an "employer" to refuse to hire, discharge, or otherwise discriminate or retaliate against an

---

[4] "Courts do not readily find that related entities are single employers in discrimination cases."  *Kellett v. Glaxo Enterprises*, 1994 U.S. Dist. LEXIS 1701* (U.S.D.C. S.D.N.Y., 1994) (unreported), citing *Watson v. Gulf & W. Indus.*, 650 F.2d 990, 993 (9th Cir. 1981).  Shaver has not pleaded any of the facts required to conclude that Worldwide and Education are a single employer for ADEA purposes.

employee who is 40 years of age or older.  Shaver premises his federal claims on these provisions of the ADEA.  (Complaint, ¶¶ 1-2, 43-45, 48-49).

Section 630(b) of the ADEA provides in relevant part:

> The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year…

### a.   Shaver Has Failed To Allege That Either Of The Sturgis Defendants Was His "Employer" And They May Not Be Sued Under The ADEA On An Agency Theory.

The ADEA permits claims to be asserted only against "employers."  Shaver does not allege that either of the Sturgis Defendants engage in an industry affecting commerce; that either of the Sturgis Defendants employs 20 or more employees; or, if they did, that he was ever employed by either of the Sturgis Defendants.

In paragraph 15 of his Complaint, Shaver alleges he was employed by "Medicom," which is defined in the first paragraph of his Complaint to include only Worldwide and Education, but not either of the Sturgis Defendants.  In paragraphs 46 and 49, however, he alleges that "Defendants" (defined in the first paragraph of Shaver's Complaint to include the Sturgis Defendants) violated the ADEA.

The law in this District is unmistakably clear.  Only an "employer" as defined by the ADEA may be sued under that statute.  As early as *Falbaum v. Pomerantz*, 891 F.Supp. 986 (S.D.N.Y. 1995), this Court ruled that "agents" and "supervisors" of employers are not subject to suit under the ADEA because they are not within that Act's definition of "employer.":

> To the extent that congressional intent can be inferred from the text, structure and history of the statute, the background principles of *respondeat superior* and the specific definition of "employer" support the conclusion that Congress intended to hold employers, but not individual employees, liable for acts of discrimination in

6

employment. [*Ibid* at 991. *See also Legrá v. Bd. Of Educ.*, 2016 U.S. Dist. LEXIS 144817 at *1, *5, unreported; in each case, granting a motion to dismiss for failure to state a claim against individual defendants].

Accordingly, Shaver's Complaint as to the Sturgis Defendants must be dismissed for failure to state a cause of action.

> **b.    Shaver Has Failed To Allege That The Corporate Defendants Employed The Requisite Number Of Employees Under The ADEA.**

As to the Corporate Defendants, Shaver fails to allege by which entity he was employed or that either ever employed the requisite number of employees. *Newsom-Lang v. Warren Int'l*, 129 F.Supp. 2d 662, 663-64 (S.D.N.Y. 2001) makes plain that the failure to allege the 20 employee threshold will result in a substantive dismissal as a matter of law under Rule 12(b)(6) when a plaintiff fails to create an issue as to whether the employer employed 20 or more employees during the relevant period.

Here, unlike *Newsom-Lang*, there is no factual dispute.  Shaver candidly admits that he does not know the number of employees employed by either Corporate Defendant: "The exact number of employees at the above entity is unknown…" (Complaint, ¶ 44; whatever "the above entity" might mean).  Shaver alleges merely "upon information and belief" that the number of employees is more than the statutory minimum.  That is a conclusion of law, not an allegation of fact.

Shaver should not be permitted to perpetrate such a subterfuge on the Court.  In *Newsom-Lang*, the plaintiff affirmatively alleged the statutory minimum number of employees and called into question the employer's evidence to the contrary, which evidence the Court found to be too general to justify granting a Rule 12(b)(6) motion.  Here, by contrast, Shaver does not affirmatively plead the 20 employee minimum.  Indeed, he candidly admits he does not know

how many employees either Corporate Defendant has and does not inform the Court on what "information" he bases his "belief" (that is to say, his conclusion) that either Corporate Defendant employs 20 or more workers "in each of twenty or more calendar weeks in the current or preceding year."  Shaver does not even identify the "entity" he merely "believes" employs 20 or more workers.

In contrast to *Newsom-Lang*, Corporate Defendants support this Rule 12(b)(6) Motion with a detailed Affidavit which establishes the names and number of the Corporate Defendants' employees, not merely for the last twenty (20) consecutive weeks, but for virtually Shaver's entire thirteen (13) years of employment with Education.  Attached hereto as Exhibit C is the Affidavit of Jennifer H. Murphy, Employee Resource Manager of Education, who states under oath that at no time during Shaver's thirteen (13) years of employment with Education, nor during the current year, did either that company or Worldwide employ 20 or more employees. The Court must credit Ms. Murphy's sworn Affidavit over Shaver's unsworn Complaint in which he acknowledges he has no knowledge on the subject.

Moreover, Ms. Murphy's Affidavit establishes that, by the nature of the duties Shaver performed, he *would* know if either Corporate Defendant employed 20 or more employees. Thus, unlike *Newsom-Lang*, Defendants provide the Court with evidence under oath to support their Motion, while Shaver fails to allege anything more than an unsubstantiated "belief" on unidentified information when his job duties enabled him to know and allege the facts necessary to state a claim, were he able to do so consonant with Fed. R. Civ. P. 11.

In 2017 and 2018 (i.e. the "current and preceding year"), Education had 4 employees, and Worldwide had respectively 10 and 9 employees.  Even were it proper to combine the workforce

of both Corporate Defendants (but it is not), the 20 employee threshold is not satisfied, for which reason Shaver's federal claims must be dismissed.  (*See* Exhibit C, ¶ 8).

### 2.    The State Law Claims.

Shaver alleges state law-based claims and asserts this Court's supplemental jurisdiction over those claims.  (Complaint, ¶ 2 and Counts 3-10).  Where federal claims are dismissed, District Courts will not exercise supplemental jurisdiction to retain state law-based claims.  *See* 28 U.S.C. § 1367(c)(3), which provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if…the district court has dismissed all claims over which it has original jurisdiction.

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, the Court stated:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not plaintiff's right…Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims ***should*** be dismissed as well. [Emphasis supplied].

This policy should be followed here, especially because this case is at its earliest stages, Shaver will not suffer any prejudice by having to file in the proper state court and because, as demonstrated *infra*, this Court lacks *in personam* jurisdiction over any of the Defendants.

### B.    The Court Lacks *In Personam* Jurisdiction Over All Defendants.

### 1.    The Court Lacks General Jurisdiction Over The Corporate Defendants.

The benchmark for personal jurisdiction was established in *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945), in which it was held that a court may exercise jurisdiction over a person or an organization only if that person or entity has sufficient "minimum contacts" with the forum "such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."  *Id* (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  This principle

"presaged the development of two categories of personal jurisdiction:" general and specific. *Daimler AG v. Baurman*, 571 U.S. 117, 126 (2014).

General jurisdiction does not require that a lawsuit be related to a defendant's contacts with the forum state and permits a court to hear "any and all claims against" a defendant. *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 134 (2d Cir. 2014). To exercise general jurisdiction, however, a defendant's contacts with the forum state must be "continuous and systematic." *Id.* at 135. "Only a limited set of affiliations with a forum will render a defendant amenable to all-purposes jurisdiction there." *Daimler, supra,* at 132, 760; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). For a corporation, general jurisdiction is the place "in which the corporation is fairly regarded as at home," equivalent to the domicile of an individual. *Id. See also* 4 Charles Alan & Wright Arthur Miller, Federal Practice and Procedure § 1067.5 (3d ed. 2007) ("[T]he threshold contacts required for a constitutional assertion of general jurisdiction over a nonresident defendant are very substantial, indeed.").

General jurisdiction over a corporation exists only when that corporation either is formed or has its principal place of business within a particular state, or "when a corporation's contacts with a state are 'so continuous and systematic' as to render it essentially at home in the forum State." *Sonera Holding, B.V. v. Cukurova Holding, A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 923 (2011). Neither fact exists here.

It cannot be asserted seriously that the Corporate Defendants are "at home" in New York and Shaver's Complaint makes no such allegation. A "corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *Gucci, supra,* at 135 (parenthetical in

10

original); *Meyer v. Board of Regents of Univ. of Oklahoma*, 2014 U.S. Dist. LEXIS 68510 at *1, *6 (S.D.N.Y. May 14, 2014) ("[A] corporation is 'at home' where it is incorporated and where it has its principal place of business."). Here, the Complaint alleges that the Corporate Defendants are both Pennsylvania corporations with their principal place of business in Pennsylvania. (Complaint, ¶¶ 9-10). The place of incorporation and the principal place of business are the "paradigm bases" for general jurisdiction because "[t]hose affiliations have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable." *Sonera, supra,* at 225 (citing *Daimler, supra*, at 137).

A corporation may nonetheless be subject to the jurisdiction of a state where it was not created or has its principal place of business if its contacts in the state are "so continuous and systematic as to render it essentially at home in the forum." *Gucci, supra,* at 135; *Daimler, supra,* at 761 n. 19 ("We do not foreclose the possibility that in an exceptional case…a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such nature as to render the corporation at home in that state. The cases demonstrate just how exceptional the circumstances must be for general jurisdiction to attach. For example, in *Gucci, supra,* at 122, the Court found general jurisdiction was not established in New York over a bank based in China, despite the fact that the bank had a branch that was continually operational in New York. *Id.* (quoting *Daimler, supra,* at 139 n. 19) ("[T]he nonparty Bank here has branch offices in the forum, but it is incorporated and headquartered elsewhere. Further, this is clearly not 'an exceptional case' where the Bank's contacts are 'so continuous and systematic as to render it essentially at home in the forum'.") Similarly, in *Daimler, supra*, general jurisdiction was not found in California over a car manufacturer despite the fact that 2.4% of its worldwide sales occurred in California, and it had

multiple California facilities.  *Daimler, supra,* at 123.  In *Daimler, supra*, the Supreme Court noted that the inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Id.* at 139 (quoting *Goodyear, supra,* at 919).

There are no facts alleged in Shaver's Complaint that possibly could support the contention that this Court could exercise general jurisdiction over the Corporate Defendants. Indeed, the Complaint is devoid of even a conclusory allegation to the effect that either Corporate Defendant has ***any*** contact with New York.

The Corporate Defendants' contacts with New York are not merely insufficient to give rise to the "exceptional case."  According to Shaver's Complaint, contact with New York is non-existent.  The place of incorporation and principal place of business are used as the best indication of any entity's home.  *Daimler, supra,* at 137.  For these Corporate Defendants, that place is Pennsylvania.  *See generally* in *Shovah v. Roman Catholic Diocese of Albany*, 745 F.3d 40-41 (2d Cir. 2014) ("If the Diocese is 'at home' in Vermont, it begs the question: how many homes might it have?").

### 2.    The Court Lacks General Jurisdiction Over the Sturgis Defendants.

The absence of general jurisdiction over the Sturgis Defendants is equally manifest.  The Complaint is devoid of any factual allegation that conceivably could establish general jurisdiction over either of them.  There is not a single allegation in Shaver's Complaint that creates any tie between New York and either of the Sturgis Defendants.

It is undisputed that Duane Sturgis is a domiciliary of Florida and David Sturgis is a domiciliary of Pennsylvania.  The Complaint alleges that.  Their Affidavits (i.e. Exhibits A and

B) establish that they have no contact with New York that would countenance general jurisdiction over them by New York.

### 3. The Complaint Does Not Establish Specific Jurisdiction Over The Corporate Or Sturgis Defendants.

As the Complaint, on its face, fails to allege general jurisdiction, Shaver's claims may remain in New York only if he can establish specific jurisdiction.  The Complaint fails to allege such jurisdiction over any Defendant.

Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Shovah, supra,* at 30, 38 (quoting *Goodyear, supra,* 915, 919 (2011).  "Thus, specific jurisdiction cases are limited to those involving 'issues deriving from, or connected with, the very controversy that establishes jurisdiction'." *Id.*

In New York, determining specific jurisdiction requires a bifurcated analysis.  First, the Court must determine whether New York's Long-Arm Statute, N.Y. C.P.L.R. 3 § 302 (McKinney), authorizes the exercise of jurisdiction.  If it does – but only if it does – the Court must determine whether the exercise of jurisdiction complies with due process.  This requires a two-step analysis: First, the Court decides if the defendant "has purposefully directed [its] activities at the forum, and whether the litigation arises out of or relates to those activities." *Gucci, supra,* at 136 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)); *Goodyear, supra,* at 2854 (noting that the principal inquiry is "whether there was some act by which the defendant purposely availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws").  If that is established, the Court must determine whether the assertion of personal jurisdiction in the case before it would comport with fair play and substantial justice. *Id.* (quoting *Int'l Shoe, supra,* at 320).

These statutory and constitutional analyses cannot be collapsed into a single inquiry because New York's long-arm statute "does not confer jurisdiction in every case where it is constitutionally permissible." *Ehrenfeld v. Bin Mahfouz,* 9 N.Y. 3d 501, 512, 881 N.E.2d 830, 837 (2d Cir. 2007) (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 471, 522 N.E.2d 40, 46 (2d Cir. 1988). The Complaint fails to establish jurisdiction at each step in the process.

> a. **New York's Long-Arm Statute Does Not Provide For Personal Jurisdiction Over Either The Corporate Or Sturgis Defendants.**

New York's long-arm statute does not reach any of the Defendants and the allegations of the Complaint fail to establish that this is the "rare" case in which an out-of-state party should be subjected to suit here. "Under New York's long-arm statute, only in a rare case should non-domiciliary defendants be compelled to answer a suit in a jurisdiction with which they have the barest of contact." *Shamoun v. Mushlin*, No. 1:12-CV-03541-AJN, 2014 U.S. Dist. LEXIS 45617 at *1, *26 (S.D.N.Y. March 26, 2014) (quoting *Aquiline Capital Partners, LLC v. FinArch, LLC*, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012), internal quotation marks and citations omitted). Under New York's long-arm statute, personal jurisdiction over non-domiciliaries may be exercised in only four circumstances:

> 1) The defendant transacts business within New York or contracts anywhere to supply goods or services in New York;
>
> 2) The defendant commits a tortious act within New York;
>
> 3) The defendant commits a tortious act outside of New York, causing injury to a person or property in New York ***but only if*** the defendant:
>
> > a. Regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York; or

b.   Expects or should reasonably expect the act to have consequences in New York **and derives substantial revenue** from interstate or international commerce.

4)   The defendant owns, uses, or possesses any real property situated within New York.

N.Y. C.P.L.R. 3 § 302(a) (McKinney).   None of these circumstances apply to either the Corporate or Sturgis Defendants.

### i.   Neither The Corporate Nor Sturgis Defendants Transact Or Do Business Within New York. [§302(a)(1)]

Under this prong of the statute, Shaver must allege and prove two facts: (1) the Corporate and Sturgis Defendants transacted business in New York, **and** (2) **Shaver's cause of action arises from that business transaction**.   *Shamoun, supra,* citing *Best Van Lines, Inc.* supra. at 246 (emphasis supplied).   This prong requires a "purposeful" transaction of business within the state that would justify bringing a non-domiciliary defendant before the New York courts.   *Id.* (citing *SPCA of Upstate N.Y., Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 404, 963 N.E.2d 1226, 1228 (2012).   The Second Circuit has stated that the following factors are to be used to determine whether an out-of-state defendant transacts business in New York, none of which apply here:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether [a] contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purposes of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-laws clause is in any such contract; and (iv) whether the contract requires…payment into the forum state or subjects [a party] to supervision by [a] corporation in the forum state.   [*Shamoun, supra* (alterations in original) (quoting *Sunward Electronics, Inc. v. McDonald,* 362 F.3d 17, 22-23 (2d Cir. 2004)).].

Each of the factors requires the existence of a contract, but a single contract is not enough.   *Aquiline, supra,* at 387.   The Complaint alleges the existence of only a single contract

15

of employment with only one of the Corporate Defendants (but no contract to which either of the Sturgis Defendants is a party), but does not allege that Shaver was required to perform that contract in New York.  To the contrary, he was employed to work in Pennsylvania.  To the extent he performed any services under that contract in New York, it was not because it was required of him by any Defendant.  Rather, it was Shaver's request to work remotely from his home due to his health issues.  (Exhibit A, ¶¶ 26-28).  Accordingly, any contact by the Defendants with New York through their contract with Shaver was not "purposeful" on their part.

Further, none of the allegations of injury to Shaver arise out of any actions *in New York* by any Defendant.  That is, Shaver's Complaint does not arise out of the contract of employment, as it must for New York's long-arm statute to create jurisdiction.  *Shamoun, supra*; *Best Van Lines, supra*.  Instead, the Complaint alleges age discrimination which, if it occurred at all, must have occurred in Pennsylvania and was unrelated to the contract of employment.  Simply put, Shaver's own allegations establish the absence of facts necessary to satisfy jurisdiction here.

### ii.     Neither The Corporate Defendants Nor The Sturgis Defendants Committed A Tortious Act In New York. [§302(a)(2)]

This prong requires that an alleged tortious act be committed in New York, where "courts take a narrow approach in determining where a tort occurs."  *Hamilton v. Garlock*, 31 F. Supp. 2d 351, 357 (S.D.N.Y. 1998 (*Hamilton v. Garlock, Inc.*, 1999 U.S. Dist. LEXIS 2796, No. 94 CIV. 4397 (RWS), 1999 WL 135203 (Mar. 11, 1999) rev. other grounds 197 F.3d 58 (1999)) (quoting *Twine v. Levy,* 746 F. Supp. 1202, 1204 (E.D.N.Y. 1990) (internal quotation marks and ellipses omitted).  Shaver's Complaint does not allege that any tortious act was committed in New York or that any agent of any Defendant was ever in New York.  "For a court to assert personal jurisdiction under N.Y. C.P.L.R. 3 § 302(a)(2), the tortious act must have been

committed within New York.  This is tantamount to requiring the physical presence of the defendant or his agent within the state when the tort occurs." *Id.*; *Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 27-28 (2d Cir. 1997) ("C.P.L.R. § 302(a)(2)) reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act.")  None of the vaguely claimed acts of age discrimination Shaver asserts in the Complaint are alleged to have occurred in New York.  (Complaint, ¶¶ 15-42).  Instead, the Complaint alleges that the Defendants committed age discrimination and unlawful retaliation ***in Pennsylvania***.

> ### iii.   Jurisdiction Over The Corporate And Sturgis Defendants May Not Rest On A Tortious Act Outside Of New York, Causing Injury Within New York. [§302(a)(3)]

The third prong of New York's long-arm statute allows for personal jurisdiction over non-domiciliaries for tortious acts committed outside of the state if the act caused injury within the state.  Shaver likely will assert (but does not plead in his Complaint) that the Corporate Defendants' alleged discrimination, although occurring in Pennsylvania, caused injury to him in New York.  "New York has strictly construed C.P.L.R. § 302(a)(3), refusing to exercise personal jurisdiction based solely on plaintiff's residence or domicile within New York." *Twine, supra*, at 1206; *Hamilton, supra,* at 357 [noting that "merely because Plaintiff is a resident of New York…is insufficient to confer jurisdiction under § 302(a)(3)."].  In other words, an injury does not occur in New York simply because the Plaintiff is a resident of New York; instead, "the situs of the injury *is the location of the original event which caused the injury*, not the location where the resultant damages are subsequently felt by the plaintiff." *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990) (citing *Carte v. Parkoff*, 543 N.W.S. 2d 718, 719, 152 A.D.2d 615, 616 (2d Dep't 1989) (emphasis added)).  Thus, even if Shaver suffered an injury in New York (which he

did not because the injury is loss of employment and the situs of Shaver's employment was Pennsylvania, not New York), the legal situs of that injury for purposes of jurisdiction is the location of the event that caused the injury (which Shaver alleges to be in Pennsylvania).  Indeed, the *actual* situs of the injury is Pennsylvania.  The purpose of this rule is "to prevent parties from carrying injuries that occurred out of state back to New York in order to bring suit."  *Hamilton, supra,* at 358 (citing *Ashley v. Abbott Labs*, (*In re: DES* cases), 789 F. Supp. 552, 570 (E.D.N.Y. 1992)).  Thus, any alleged injury to Plaintiff occurred in Pennsylvania where he worked and allegedly was discriminated against, and cannot serve as the basis for jurisdiction in New York over any Defendant.

Even were there injury to Shaver in New York, § 302(a)(3) applies only if an out-of-state defendant regularly conducts business, solicits business, or has substantial revenue in and from New York.  Neither Worldwide, Education, nor either of the Sturgis Defendants regularly conducts or solicits business in New York.  None derive *any* revenue from New York – and there is no allegation in the Complaint to the contrary.  (Exhibit A, ¶¶ 2-18).

*Ingraham v. Carroll*, 90 N.Y. 2d 592 (Ct. of App. 1997) is precisely on point.  There, a New York resident was referred by her New York doctor to a surgeon in Vermont.  *Id.* at 595.  That surgeon was licensed to practice in New York, but did not do so.  *Id.* at 594-95.  The surgeon allegedly misdiagnosed a malignant tumor, which resulted in the development of a fatal cancer that could have been treated with a proper diagnosis.  *Id.* at 595.  The plaintiff, a New York resident, sought to sue the Vermont doctor in New York, asserting C.P.L.R. 3 § 302(a)(3).  *Id.* at 595-96.  The Court ruled that jurisdiction in New York was impermissible because the tort (i.e. the misdiagnosis) actually occurred in Vermont and because the plaintiff failed to allege or establish that the Vermont doctor regularly solicited business or engaged in other persistent

18

conduct in New York or derived substantial revenues from goods or services used, consumed, or rendered in New York. *Id.* at 603-04. The same is true here as to Shaver and all Defendants. Shaver's alleged injury (loss of employment) occurred in Pennsylvania, not New York, and none of the Defendants have any contact with New York. (Exhibit A, ¶¶ 17-18, 21)

As in *Ingraham*, Shaver fails to allege any of the requisite factual predicates for personal jurisdiction over any of the Defendants in New York.

**iv.     None Of The Defendants Own, Possess Or Use Any Real Property Within New York. [302(a)(4)]**

None of the Defendants own, use, or possess any real property in New York. None maintains an office in New York and none owns or leases any space for business or other purposes. (Exhibit A, ¶¶ 15-18, 21).

**C.     Due Process Does Not Permit Personal Jurisdiction Over The Corporate Or Sturgis Defendants.**

While the Court need not reach the constitutional question because New York's long-arm statute does not permit jurisdiction over any of the Defendants, Plaintiff also has failed to allege facts that would permit the exercise of jurisdiction over them consistent with due process. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002) (citing *LaMarca v. Pak-More Mfg. Co.*, 95 N.Y.2d 210, 214 (2000)) ("[I]t is only once the long-arm statute is deemed satisfied that the court need examine whether due process is likewise comported with.").

The Due Process analysis has two steps. First, Plaintiff must establish that the Defendants purposefully directed their activities at the forum, ***and the litigation arises out of or relates to those activities***." *Gucci, supra*, at 122 (quoting *Burger King, supra*, at 472) (emphasis added); *Goodyear, supra* at 924 (noting that the principal inquiry is "whether there was some act

19

by which the defendant purposely availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law.").  The second step is only reached if the first is satisfied.  If it is, Plaintiff must then establish that "the assertion of personal jurisdiction would comport with fair play and substantial justice."  *Goodyear, supra, at* 923 (quoting *Int'l Shoe, supra,* at 320).  In other words, jurisdiction must be reasonable under the circumstances of the particular case.  *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.,* 241 F.3d 135, 152 (2d Cir. 2001) (citing *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996)).

Shaver fails to allege that his injuries arise out of any activity of any Defendant in New York.  That ends the due process inquiry.  Had he made such an allegation, to establish jurisdiction, Shaver must show that "defendant's suit-related conduct [created] a *substantial* connection with the forum state."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added).  *Walden* is particularly applicable to this case because it held that in analyzing "minimum contacts," federal courts are to look at "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Walden, supra,* at 285.  In other words, Defendants must have separate and independent contacts with New York, not simply contact with Shaver.  "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."  *Id.* at 286 (citing *Burger King, supra*, at 475).  Specifically, "the plaintiff cannot be the only link between the defendant and forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."  *Id.* at 285; *cf. Burger King, supra,* at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can

automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").

Shaver's Complaint fails to satisfy this step of the analysis because, even had he alleged that the Defendants availed themselves of the privilege of conducting activities in New York, this litigation does not arise out of such activities. *Titan, supra,* at 152. That Shaver is a resident of New York is not a jurisdictional fact that may be considered for purposes of this Motion. It is only the purposeful acts of the Defendants in seeking contact with New York that may be considered. No such contacts are alleged and the Sturgis Defendants' Affidavits establish that no such contacts exist as to them or the Corporate Defendants.

*If* the Defendants had the requisite minimum contacts with New York, personal jurisdiction still is not established because Shaver fails to satisfy the second step of the Due Process analysis: it would not be reasonable under the circumstances to exercise jurisdiction over them in this case. *Titan, supra,* at 152. Whether it is reasonable to exercise jurisdiction over a Defendant is determined by applying five factors:

1) The burden that the exercise of jurisdiction will impose on the defendant;

2) The interests of the forum state in adjudicating the case;

3) The plaintiff's interest in obtaining convenient and effective relief;

4) The interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and

5) The shared interests of the states in furthering substantive social policies.

*Chaiken v. VV Pub. Corp.*, 119 F.3d 1018, 1028 (2d Cir. 1997) (citing *Metropolitan Life, supra*, at 568).

None of these factors favors Plaintiff.  The burden on Defendants of defending a lawsuit in New York is significant.  The Sturgis Defendants live in Pennsylvania and Florida.  All of the employees and potential witnesses of the Corporate Defendants, as well as their relevant documents, are in Pennsylvania.  While the burden must be significant to satisfy this prong of the test, the fact that the Sturgis Defendants and their small, family-owned businesses must divert their resources from operating those businesses to defending a lawsuit in which their witnesses are located elsewhere, who employ no agents in New York and who have no offices or licenses to conduct business in New York, establishes such a burden.  *See, e.g., Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236 (2d Cir. 1999); *Callaway Golf Corp. v. Royal Canadian Golf Ass'n,* 125 F. Supp. 1194, 1205-06 (C.D. Cal. 2000).

Second, New York has no greater interest in adjudicating this case than does Pennsylvania.

Third, although Shaver might have an interest in obtaining convenient relief, that interest is not dependent on the exercise of jurisdiction over the Defendants in this Court because Plaintiff is not precluded from bringing his action in the proper forum; a forum to which he happily commuted on a daily basis for thirteen (13) years.   Resolving this dispute in Pennsylvania would also be more efficient because all of the Defendants' witnesses and documents are located there.

Fourth, judicial economy favors this case being litigated in Pennsylvania.  According to the Administrative Office of the U.S. Courts, Federal Court Management Statistics, as of March 31, 2018, judges in this Court average a caseload of 396 cases, which, on average, take 6.7 months from filing to disposition.  Judges in the Eastern District of Pennsylvania average 314 cases, which are disposed of, on average, in 5.8 months.

Lastly, there are no substantive social policies that would be better served by adjudication in New York versus Pennsylvania, as the same federal law and analogous Pennsylvania law would apply.  [Compare the New York law alleged to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963].

**D.    This Action Should Be Dismissed On The Ground Of *Forum Non Conveniens.***

Resolution of a motion to dismiss a complaint pursuant to the doctrine of *forum non conveniens* requires a three (3) step analysis:

> 1)  A determination of the degree of deference to be afforded to the plaintiff's choice of forum;
>
> 2)  Whether an adequate alternative forum exists; and
>
> 3)  Consideration of the private and public factors enumerated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 Sup. Ct. 839 (1947); *see also Base Metal Trading, Ltd. v. Russian Aluminum*, 98 Fed. Appx. 47, 2004 U.S. App. LEXIS 8547 (2d Cir., April 30, 2004).

**1.    None Of The Three Factors Favors Maintaining This Action In The Southern District Of New York.**

Scant deference should be paid to Shaver's choice of the Southern District of New York as the forum for this action.  Shaver's Complaint arises out of conduct, which, if it occurred at all, occurred only in Pennsylvania.  Shaver admits that for more than thirteen (13) years, he voluntarily traveled to Pennsylvania on a daily basis to work for a Pennsylvania corporation.  It is only reasonable for both Shaver and the Defendants to expect that if Shaver had claims against the Defendants, those claims would be asserted in Pennsylvania, not New York.

Nor does New York have a more substantial interest than Pennsylvania in the outcome of this litigation.  Pennsylvania's interest in its individual and corporate citizens, and the protection

of rights afforded by federal anti-discrimination statutes (as well as Pennsylvania's own anti-discrimination statutes), is as significant as New York's concern with such matters.

Certainly, an adequate forum exists in Pennsylvania, either in the Eastern District of Pennsylvania or in Pennsylvania's state courts for Shaver to adjudicate his claims.

Accordingly, neither of the first two considerations favors maintaining this action in New York. *See, e.g., Base Metal, supra*; *see also Blanco v. Blanco Industrial De Venezuela S.A.*, 997 F.2d 974, 982 (2d Cir., 1993) and *PT United Can Co. Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65, 73 (2d Cir., 1998).

### 2.    The Gilbert Factors.

The first of the five (5) Gilbert factors is the ease of access to evidence.  Here, other than Shaver's own testimony, all of the evidence from witnesses and documents are in Pennsylvania. The parties' access to that information is made easier if this case is tried in Pennsylvania.

The second factor is the availability of compulsory process for the attendance of unwilling witnesses.  A Pennsylvania court, state or federal, has the ability to compel witnesses Shaver might wish to call, given that all but one of them are Pennsylvania residents, including not only the Sturgis Defendants, but other employees of the Corporate Defendants whom Shaver might wish to call.

The third Gilbert factor is the cost to willing witnesses to attend court proceedings. Again, this factor weighs in favor of this matter being tried in Pennsylvania.  All of the witnesses but Shaver, and one of the Sturgis Defendants, are located in Pennsylvania, and Duane Sturgis, who lives in Florida, will not contest traveling to Pennsylvania as opposed to New York should his attendance be necessary.

The fourth Gilbert factor, review of the premises, does not apply to this case.

24

The fifth Gilbert factor is all other factors that might make the trial quicker and less expensive. Because all of the witnesses, other than Shaver, are located or willing to appear in Pennsylvania, and because causes proceed somewhat faster in the Eastern District of Pennsylvania, trial of this case there would be no less expeditious and considerably less costly to all concerned.

Accordingly, even if Shaver had stated a cause of action against the Defendants, and even if this Court could exercise *in personam* jurisdiction over the Defendants, the Court should dismiss this case on the ground of *forum non conveniens*.[5]

## IV.   RELIEF REQUESTED

WHEREFORE, Defendants respectfully request this Court to dismiss the federal claims with prejudice and to dismiss the state law-based claims for non-exercise of supplemental jurisdiction and lack of *in personam* jurisdiction; or on the grounds of *forum non conveniens*.

Respectfully submitted,

REGER RIZZO & DARNALL LLP

By:   */s/ Robert W. Small*
Robert W. Small (Admitted *Pro Hac Vice*)
PA Attorney ID No. 19376
**REGER RIZZO & DARNALL LLP**
Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel:  (215) 495-6500
Fax:  (215) 495-6600
rsmall@regerlaw.com
*Attorney for Defendants, MediCom Worldwide, Inc., MediCom Education Group Inc., Jeffery [sic Jeffrey] D. Sturgis Sr. and Jeffery [sic Jeffrey] D. Sturgis Jr.*

Date: August 8, 2018

---

[5] It is noteworthy that the firm for which Shaver's attorney works advertises that it practices in Philadelphia, Pennsylvania   (https://discriminationandsexualharassmentlawyers.com/attorneys/daniel-j-altaras).   Accordingly, requiring Shaver to assert his claims there will not deprive him of his representation of choice.

## CERTIFICATE OF SERVICE

I, Robert W. Small, do hereby certify that on August 8, 2018, I caused a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss for Failure to State a Claim and for Lack of Personal Jurisdiction to be served upon the counsel for Plaintiff named below by the Court's ECF notification and/or first class and/or electronic mail:

Daniel Altaras, Esquire
Derek Smith Law Group, PLLC
One Penn Plaza, Suite 4905
New York, NY 10119
dan@dereksmithlaw.com

REGER RIZZO & DARNALL LLP

By:     */s/ Robert W. Small*
Robert W. Small

Date: August 8, 2018